JARED
v.
HILL.

(1) In *England*, an equity of redemption cannot be affected by an execution; but a judgment creditor may file a bill to redeem an incumbrance, provided he has taken out execution. 1 Mad. Ch. 418. In *New-York*, however, under the act concerning judgments and executions, an equity of redemption may be sold by the sheriff on an execution, *Waters* v. *Stewart*, 1 Caines' Cas. 47; but the interest of the mortgagee before foreclosure cannot. *Jackson* v. *Willard*, 4 Johns. R. 41.

---

## JARED v. HILL.

WHEN the judgment of a Circuit Court is reversed, and the <span style="float:right">*Friday,* *November* 16·</span> proceedings up to a certain point are set aside at the costs of the defendant in error, and the cause is remanded for further proceedings; if the Circuit Court refuse to render a judgment for the costs according to the mandate, this Court will grant a

Nov. Term,   rule to show cause why a mandamus should not issue (1). (Hoɫ-
  1821.      man J. was absent.)

JARED          (1) The issuing of this rule to show cause, was under the appellate powers
  v.       of the Court, it having no original jurisdiction in the case.   Cons. 5 a. 2 s.
HILL.      The rule is that a Court of Appeals, as such, may award a mandamus, when-
           ever it is an exercise of appellate jurisdiction, or necessary to enable it to ex-
           ercise appellate jurisdiction.   *Marbury* v. *Madison*, 1 Cranch, 175.   In such
           cases, the Supreme Court of the *United States*, with only an appellate juris-
           diction, except as to ambassadors, &c., will issue writs of mandamus to the
           other *United States'* Courts: as, if a district judge refuse to enforce obedience
           to his sentence, *United States* v. *Peters*, 5 Cranch, 115;—or if he direct the pro-
           ceedings in a cause to be finally stayed, *Livingston* v. *Dorgenois*, 7 Cranch,
           577;—or order the repeal of a patent in a summary way, and refuse to record
           the proceedings antecedent to the rule to show cause, and to issue a scire fa-
           cias to the patentee, &c.   Ex parte *Wood*, 9 Wheat. 603.   But if the issuing
           of the writ be an exercise of original jurisdiction, not within the constitution,
           that Court will not grant it: as, if it is to be directed to the secretary of state
           to enforce the delivery of a commission, *Marbury* v. *Madison*, supra;—or to
           the register of a land-office, requiring him to enter an application for land a-
           greeably to an act of congress, the writ having been refused by the highest
           state Court.   *M'Cluny* v. *Silliman*, 2 Wheat. 369.   Whether that Court will,
           in any case, direct a mandamus to a state Court, is not yet decided.—A judg-
           ment of the Court of Appeals in *Virginia* was reversed by the Supreme Court
           of the *United States*, and the cause remanded.   The state Court refused to o-
           bey the mandate, and to that refusal there was a writ of error.   The Supreme
           Court, deeming it unnecessary to express an opinion respecting its authority
           to issue a mandamus to a state Court, reversed the judgment on the mandate,
           and affirmed the judgment of the district Court of the state, which had been
           reversed by the appellate Court.   *Martin* v. *Hunter's* lessee, 1 Wheat. 304.
           In commenting on the case last cited, Chancellor *Kent* expresses his opinion,
           that the Court might have there issued the writ.   He says, that if the appel-
           late jurisdiction be founded, as it no doubt was in that case, on a solid basis, it
           would seem to carry with it, as of course, all the coercive power incident to
           every such jurisdiction, and requisite to support it.   1 Kent's Comm. 301.
           When the judges of the Circuit Court of the *United States* differ in opinion as
           to the execution of the mandate, the point is certified to the Supreme Court
           for decision, as in other cases.   *Skillern's* Ex'rs v. *May's* Ex'rs, 6 Cranch, 267.
           —The *Antelope*, 11 Wheat. 413.   If the mandate be executed in a manner
           different from its directions, the usual remedy is an appeal, or writ of error,
           according to the nature of the case, *Himely* v. *Rose*, 5 Cranch, 313.—*Dunlop*
           v. *Hepburn*, 3 Wheat. 231.—*Campbell* v. *Pratt*, 5 Wheat. 429.   In such cases,
           only the proceedings subsequent to the mandate are brought up, and there
           is no inquiry into the merits of the original determination.   *Himely* v. *Rose*,
           supra.—*Browder* v. *M'Arthur*, 7 Wheat. 58.   But the original proceedings are
           always before the Court, so far as is necessary to determine any new points in
           controversy, not terminated by the original decision.   The *Santa Maria*, 19
           Wheat. 442.