Chief Justice Robertson
delivered the Opinion of the Court.
This Court having — for insufficiency of proof to sustain his equity — reversed a decree which Hancock had obtained for perpetuating a partial injunction to a judgment against him, in favor of the Bank of Kentucky— on the return of the case to the Circuit Court, he filed a supplemental bill, for suspending the mandate of this -Court directing a dissolution of his injunction, and for upholding the decree, on the ground that the attorney for the Bank, being convinced, by a personal knowledge. of the facts, that he was entitled to relief to that extent, and would be able to establish his equity by proof, consented to the decree, without further evidence, and wrote it himself; and that, therefore, the Bank ought not to be permitted to enforce the mandate of this Court, improperly obtained by unjustly availing itself of the defectiveness of the jdroof in the record, and of the absence of any notice in it, of the fact that the decree had been rendered by consent.
The Bank required proof of those allegations in the bill, apd denied the authority of its attorney to bind it by any such consent as that alleged.
The allegations respecting the manner of rendering the decree were proved; and one witness deposed to facts conducing to prove the equity asserted in the original bill: that is, that the consideration of the note, on which the judgment for the nominal amount of it in money had been obtained, was a loan by the Bank to Hancock, of notes on the Bank of the Commonwealth at their nominal value, though, at the time of the loan, in 1822, they were greatly depreciated. A deposition of the same witness had been filed in the case prior to *285 the date of the decree which this Court reversed, because his testimony did not show satisfactorily that the notes were loaned at their nominal value. No other testimony is exhibited in the record.
A circuit court may, by injunction, preventthe enforcement of a mandate of the court of appeals, which has been obtained by fraud or surprise, or in violation of an agreement.
A temporary injunction having been granted— the def’ts atto. knowing that the facts alleged in the bill existed, and could be proved, waived the proof, and consented to a decree perpetuating the injunction; but, as neither the proof, nor consent, appeared in the record, the decree was reversed: held that there was sufficient ground for an injunction restraining pro • ceedings upon the mandate.— The atto.in consenting to the decree, did not exceed his authority: his client is bound by the act.
By an act of ’20, it is provided, that the consideration of notes made payable at, and discounted by, the Bank of lien, shall not an suit hrTt upon the same, waipassed with a view to the depreciation of the notes of the Bank of Ken. and of the Bank of the Com th, to preserve the actions & pleas, BngSe debts due the Bank to the lent then the sameno tes would paynmnt & not to preclude all inquiry into the consideration of notes discounted, as whether they wit to nsit? eration, upon an atiorf &cnS And held that where discounted a note and paid over the predated Commonwealth’s paper, and had recovered a judgment forthenom mal amount; & did not deny injuncton bin that the intention payment‘in^pede, it was prop- - er to perpetuate the injunction, of the amount of the depreciation was discounted.
*285 The Circuit Court having given the relief sought by the supplemental bill, this writ of error, for .reversing that decree, presents two questions: first — was the defendant in error entitled to any relief? and, second — was he entitled to that which was decreed to him?
First. Not doubting that a party who obtains a mandate from this Court surreptitiously, or by surprise, or contrary to contract, may be enjoined from enforcing it whenever a judgment or decree of an inferior Court might be enjoined on the same grounds — we are of the opinion that the defendant in error was entitled to relief upon the facts proved in this case. The testimony of the only witness as to the consideration of the note to the Bank — now specific on an important point respecting which it was in the first instance indefinite, and fortified, as it now is, by the supplemental proof that, about the date of that note, other notes, negotiated by the same Bank, were generally discounted in Commonwealth’s paper at its nominal value, and that the attorney for the Bank consented to the. first decree, and fixed the extent of relief upon his own knowledge of those facts — should, in our opinion, be deemed. sufficient to sustain the allegations of the bill against an answer not expressly denying them on the’personal knowledge of the respondents, nor containing even an intimation as to the kind or value of the currency in which the note was discounted. And the facts now shown are also sufficient, as we are strongly inclined to think, to authorize the inference that, had not the attorney for the Bank, in order to prevent delay, consented to the relief sought by the original bill, such proofs would have been taken as would have prevented a reversal of it by this Court; and, upon that hypothesis, we doubt not the authority of the attorney to actas he did.
The counsel for the Bank, however, argued that, as the note discounted by the Bank was in the form prescribed by the act of 1820, the consideration cannot be *286 enquired into; because the same act declares that “the “ consideration (of such a note) when discounted by the “ Bank shall not, by the drawers, or either of them, be “ questioned in any suit brought upon the same to coerce “ the payment thereof from the whole or either of the “obligors.”
It may be difficult to determine the precise object and effect of that anomalous enactment. But we cannot believe that the Legislature intended that, whatever the consideration of a note discounted by the Bank, might happen to have been, or when there had in fact been no consideration, or an illegal or insufficient one, there , , , . . . ..... . , should not, in any way, be any judicial enquiry respecting it. We incline to think that, as the Bank of Ken- , , . , . . , . , . , , tucicy had, with legislative sanction, suspended specie payments, whereby its notes had become somewhat depreciated, and as .the Bank of the Commonwealth had ^een chartered only a few days before the date of this enactment of 1820, the Legislature intended that, when Bank of Kentucky should, thereafter, loan its own notes or those of the Bank of the Commonwealth, it should take a note, in the prescribed form, for the nonajnal amount in money; and that, therefore, as a suit upon the note could only be brought according to the form and legal effect of it, no plea should, in any such . . _ . _ _ 7 . r . . , . suit, be admitted for impeaching the consideration, on grounclthat the action was ostensibly for the nominal amount in money, when the actual value of the ^oan had been of less value than such a sum in specie. And, moreover, that, as such a discounted note was ma-de by statute to operate as a foreign bill of exchange, the consideration should be as unimpeachable as that of an a«tual and formal bill oí exchange.
But it was supposed and intended of course, as we , , - presume, that the Bank should always accept, m payment 0f every such note, its own notes at their nominJ 7 al value, or notes of the Bank of the Commonwealth at same rate> or the value of them in specie, if such notes had been loaned, and it would not take them again as l°ane(i, by denomination. And that- if, after judgment on such discounted note, the Bank should unjustly *287 attempt to enforce it for specie, equity might give relief by preventing a perversion of the letter of the law to purposes not contemplated by the Legislature, or by the parties.
, In this case, the Bank has not denied,'in its answer, ... , , r . , • . . ’ that it intended to entorce its judgment in specie; and therefore, it might be enjoined from collecting more than the specie value of the notes loaned.
And if, as we presume is the fact, a credit for about seventy dollars, admitted to be just,'was included in the decree for perpetuating the injunction, the amount for which it was perpetuated was not too large.
Wherefore, the decree of the Circuit Court is affirmed.