## DAVIS v. BONAR AND KEARNS.

1. JURISDICTION: INJUNCTION. The District Court of a county in which an execution issued from the Supreme Court is levied upon real property, has jurisdiction to enjoin the sale thereunder, upon a proper showing being made.

Davis v. Bonar and Kearns.

2. PLEADING: DEMURRER. That a pleading is argumentative is not good ground of demurrer under §§ 2876, 2918, 2061 and 2063 of the Revision of 1860.

3. APPEAL: ACCEPTANCE OF TENDER: LIS PENDENS. A decree in foreclosure declared a note and the mortgage executed to secure it usurious, and ordered that the plaintiff should recover the principal sum loaned, and the school fund the interest thereon, at the rate of ten per cent; the principal was in court, by the tender of defendant, and within a few days was accepted and receipted for by the plaintiff; the sum decreed to the school fund and the costs of suit were paid. Six months after the entry of the decree the defendant sold a portion of the land described in the mortgage; after which the plaintiff removed the case to the Supreme Court, by appeal, in which the decree below was reversed, and a decree entered foreclosing the mortgage for the entire sum claimed thereon. It was held, that the purchaser was not charged with notice *lis pendens*, and that the injunction restraining the sale of the lands described in the mortgage, but sold after the acceptance of the sum tendered, and before appeal, should not be dissolved.

4. NOTICE LIS PENDENS. To render a pending action notice *lis pendens*, it must be duly, constantly and continuously prosecuted. (*Ferrier* v. *Busick*, 6 Iowa, 258.)

*Appeal from Clarke District Court.*

FRIDAY, OCTOBER 9.

ON the 6th of May, 1856, Webster and wife made their mortgage to Kearns, upon certain real estate, to secure a note of $1,690. January 5th, 1857, Webster sold the real estate to Perry. In March, 1860, Kearns, under the power given in the mortgage, was about to sell the property, when Perry obtained a writ of injunction restraining this sale, upon the ground that the contract was usurious, and that an amount tendered the mortgagee was all that was due him. In April (14th), 1860, the relief prayed for was granted by the District Court, it being found that Kearns was only entitled to $300, the amount tendered, and that the contract was usurious. By this decree, it was adjudged, that said complainant should pay to the school fund $115.24, being ten per cent interest upon the amount

of the loan, and that Kearns should pay all costs. On the 23d of that month Kearns received from the clerk the amount thus tendered, and executed on the judgment this receipt:

"Received, on the above judgment, three hundred dollars, as against O. H. Perry.

"A. KEARNS,

"By SCOVILLE & CLARKE, his Attorneys."

On the 9th of May, 1860, the treasurer of Clarke county received and receipted for the amount decreed to the school fund, and all costs were paid. October 22, 1860, complainant purchased of Perry a portion of said real estate, paying all of the purchase money, and received a deed. After this and before the date of the decree, Kearns appealed said cause to the Supreme Court, where the decree below was reversed, and a decree entered for the full amount claimed by the appellant under the mortgage. An execution issued from this Court upon that decree to the sheriff of Clarke county, whereupon complainant filed his bill in the District Court of that county, to enjoin the sale of the land so purchased by him. A motion to dissolve and demurrer to the bill were overruled: decree for complainant, and respondents appeal.

*Casady & Polk* for the appellant.

I. The petition is argumentative. The Revision does not point this out as a ground of demurrer, but as it provides no other way by which the objection can be made, it must be governed by the common law. 1 Chit. Pl., 362–662.

II. The District Court of Clarke County has no jurisdiction over proceedings in the Supreme Court, nor can it enjoin an execution issued therefrom. Rev., 1860, § 3778.

III. Davis was a purchaser *pendente lite*. When a suit abates, by the death of a party, and is revived and prose-

cuted to final judgment, without culpable negligence, a purchaser during the interval of abatement is a purchaser *pendente lite*, and is bound by the final decree in the cause. *Watson* v. *Wilson*, 2 Dana, 406; *Murray* v. *Ballou*, 1 John. Ch., 81, and cases cited. So of a sale made between final decree and the filing of a bill of review. *Clarey et al.* v. *Marshall's Heirs*, 4 Dana, 96; *Debell* v. *Foxworthy's Heirs*, 9 B. Monr., 228.

*T. B. Perry* for the appellee, in reply to appellant's first proposition, cited Rev. of 1860, §§ 3775, 3778; in reply to the third, *Clarkson et al.* v. *Morgan's Devisees*, 6 B. Monr., 441; 1 Strobh. Eq., 180; *Chanden* v. *McGrew*, 8 Ald., 570; *Ferrier* v. *Buzick et al.*, 6 Iowa, 258; *Lessee of Trimble* v. *Boothby*, 14 Ohio, 109; *Murray* v. *Ballou*, 1 John. Ch., 578; *Lowell* v. *Carpenter*, 2 P. Wm., 483.

WRIGHT, J.—I. After the levy of the execution, by the sheriff of Clarke county, the District Court of that county had jurisdiction to grant the writ of injunction and hear the cause. The proceedings were not pending in Polk county (where the Supreme Court is held), within the meaning of § 2194 of the Rev. of 1860, as claimed by appellants.

II. That a pleading is argumentative is not a cause of demurrer, under the Rev. of 1860 (§§ 2876, 2918, 2061 and 2063). The statute limits the causes of demurrer, and this is not one of them.

III. Appellants insist, that as complainant purchased the property after the decree was rendered in the District Court, (in the case of *Perry* v. *Kearns*), though before the appeal was taken, he acquired no rights thereby, but was a purchaser *pendente lite*, and, as such, was concluded by the decree afterwards rendered in the Supreme Court, in the same case. This proposition is controverted by appellee, and is the one to which counsel have, for the most part, directed their argument.

It will be seen from the statement of the case that the decree granting the relief asked by Perry's bill was rendered. April 14, 1860, and on the 23d of the same month Kearns received the amount of the decree from the clerk, and paid the costs adjudged against him. Six months after this, complainant bought the land, paying the purchase money in full. At this time no appeal had been taken, nor was there anything upon the record, or in any other place, indicating an intention on the part of Kearns to appeal said cause. After this, at what time does not definitely appear, he prosecuted his appeal. And it is now claimed that this appeal was a continuation of the suit, and that if a party purchases property affected by a decree before the expiration of the year for appealing, he purchases with the full knowledge that an appeal may be taken and his title defeated.

However correct this might be, as a general proposition, we cannot concede its correctness as applied to this case. Complainant is a *bona fide* purchaser of the premises, unless he is to be affected with notice that Kearns had a right to appeal within the year, and that if he did and reversed the cause, his property would be held for the payment of the new or subsequent judgment. If he is thus held, it is upon the principle that the action was still pending, and he bought at his peril. But to avail themselves of this principle appellants should show that the suit or proceeding was prosecuted with reasonable diligence, and that the party appealing was not guilty of such laches as to injure or mislead third persons. If a party relies upon a pending action, he should show that it has been duly prosecuted, or that he has been constant and continuous in its prosecution. *Ferrier* v. *Buzick et al.*, 6 Iowa, 258. And when we go one step further, and remember that Kearns not only failed to prosecute his appeal for more than six months after the decree was rendered, but acknowledged the receipt of the

amount of said decree upon the record, and paid the costs, all fair room for doubt is removed. While his acceptance of this amount did not conclude him from appealing, nor prevent his recovering a larger amount in the appellate Court, third persons had a right to presume that he submitted to the action of the Court, and was content with his recovery. From this act complainant had a right to believe that the land was released and free from all claim under the mortgage. And while it is true that complainant, by his purchase, only acquired the interest or title held by Perry, yet Kearns might, by his act, waive his claim, which remaining unrescinded, would inure to the benefit of the purchaser. The act of Kearns in this instance extinguished the lien, so far as third persons were concerned. Complainant was not bound to know that, notwithstanding the satisfaction of the judgment, appellant still intended to prosecute an appeal. And in this connection we may remark that the receipt itself, instead of showing that the $300 was not taken in full, tends to show that the creditor intended (if he had any after purpose) to look to Webster and not the land or Perry, the subsequent purchaser.

The cases of *Danforth, Davis & Co.* v. *Carter and May*, 4 Iowa, 230, and *Same* v. *Rupert et al.*, 11 Id., 547, will be found to entirely accord with the above views. And see, also, *Lessee of Trimble* v. *Boothby*, 14 Ohio, 109.

Affirmed.

The appellant filed a petition for a rehearing, which was considered by the Court and overruled.