### Smith v. Kerns et al.

*Appeal from Clarke District Court — Tuesday, April 7.*

APPEAL: *Davis* v. *Bonar & Kerns* (15 Iowa, 171), DISTINGUISHED FROM THE PRESENT ONE.

In June, 1856, Webster, being the owner of over 300 acres of land in Clarke county, in this State, mortgaged the same to the defendant Kerns, to secure the sum of $1,690.

In January, 1857, Webster sold to Perry for the alleged consideration of $300, and Perry was to pay this mortgage. In June following, Perry sold to the plaintiff a part of these lands — the said Webster acting in the place of and for said Smith; all parties having full knowledge of the mortgage to Kerns. The deed to Smith was not made nor delivered until in April, 1860.

Kerns, in January, 1860, commenced proceedings to foreclose his mortgage " by notice and sale." Perry filed his petition to enjoin the sale. and thereunder it was found that but $300 remained unpaid on

said mortgage, and that said Perry should pay this amount, with $115, to the school fund. This amount was paid by Perry, and the $300 received and receipted for by the attorneys of Kerns—they executing a receipt in these words:

"Received on the within judgment, three hundred dollars, as against O. H. Perry, this 23d day of April, A. D. 1860.

　　　　　　　　　　　　　　　　"A. KERNS,
　　　　　　　"By Scoville & Clarke, *his att'ys.*"

The cause was afterward appealed to this court, and in June, 1862, was reversed and a decree entered in favor of Kerns for $939.76, with an order for the sale of the lands covered by the mortgage. *Perry* v. *Kerns*, 13 Iowa, 174.

Under this decree, the sheriff of Clarke county sold the lands to Kerns in October, 1864, and executed to him a deed in due form. At some time (when, does not very conclusively appear, but probably after the receipt by the attorneys above set out and before the appeal by Kerns to this court) Perry obtained judgment against Smith for the amount of his note, given as the consideration in the sale of said lands. Smith, however, has not paid said judgment nor any part of said consideration.

By this proceeding plaintiff seeks to quiet his title, to set aside the deed from the sheriff to Kerns, and for general relief. The cross-bill of Kerns makes Perry a party, and asks that his (Kern's) title be quieted, and for like relief. Plaintiff's bill was dismissed, and he appeals.

*Perry & Townsend* and *T. M. Stuart* for appellant—*Polk, Hubbell & Barcroft* for the appellee.

Wright, J.—Appellant relies with much confidence upon *Davis* v. *Bonar & Kerns* (15 Iowa, 171), insisting that under the rules there recognized and stated, this case must be reversed, and especially as that case originated in the same transaction, and related to a part of the same lands. There, however, Davis *bought and paid his money after* the satisfaction of the judgment against Perry, and *before* the appeal. Here plaintiff bought *before* the rendition of the judgment, and hence before its satisfaction, and *has never yet paid any part of the consideration.* We need not say that the cases are quite unlike, for before plaintiff can be protected, the consideration must not only be valuable, *but paid.* The doctrine of estoppel does not figure as in the other case, for plaintiff did not purchase, as did Davis, relying upon the act of the mortgagee, or his attorneys, in receiving the amount of judgment.

　　　　　　　　　　　　　　　　　　　　Affirmed.