Idshey, J.
On the 18th October, 1861, the relator obtained from, the *522 Second Judicial District Court in and for the parish of St. Bernard, an order of seizure and sale against the property of Augustus W. Walker, to satisfy certain notes secured by mortgage thereon.
Proceedings, under the said order of seizure and sale, were enjoined by Walker on various grounds, which it is not necessary now to set forth.
The injunction, so obtained, was dissolved, and by necessary inferable consequence, the order of seizure and sale was restored to its primitive force and effect.
Upon appeal to this court, the judgment in the injunction suit appealed from was affirmed, and from this last decree an appeal was taken to the Supreme Court of the United States, and was dismissed for want of jurisdiction.
Upon the return of the mandate of this court to the court below, the sheriff of the parish of St. Bernard was proceeding to execute the original order of seizure and sale, when, on the 12th May, 1868, proceedings under said writ, were again arrested by injunction, on the following grounds:
1. That the notes upon which executory process issued are prescribed, and the prescription of five and ten years is set up.
2. That all the officers who granted, and were proceeding originally with the executory process had ceased to be competent officers, as the State of Louisiana was then in a state of rebellion against the government of the United States, and that all judicial proceedings had during the existence and under the authority of the still-born government, are coram non judice.
3. That thevernaculur language of the plaintiff in injunction is French, and that proceedings and process in the suit, via executiva, were only written, and concluded in the English language.
4. That the sheriff is proceeding under the original writ, never having returned it into court, and withdrawn therefrom a copy in accordance with the act of the Legislature of 1855.
5. That the obligations are null and void, because prescribed, and for want of United States revenue stamps.
All these objections, if available, were pleadable in the first injunction suit, and being in contemplation of law, disposed of in the first injunction, cannot be set up as grounds for a second injunction, whereby, injunction for those alleged causes, was improvidently and illegally granted by the Judge of the lower court.
This Court held in Lovelace v. Taylor, 6 Rob., page 93, this doctrine: “ The functions of a District Court in relation to a mandate issued from the Supreme Court, to have judgment executed are merely ministerial. It cannot render any new judgment, which can authorize an appeal or render one necessary. Its duty is to obey the mandate, and to order the decision of the Supreme Court to be recorded on its minutes, that it may be legally executed. C. P. 609.
As soon as this is done, the party in whose favor the judgment has been rendered, has an absolute, immediate right to an execution, which cannot be suspended by any subsequent appeal. C. P. 623,- 629.
If the mandate of the Supreme Court be not obeyed, the party obtaining the judgment, must enforce it by a mandamus, and he, against whom *523 it has been rendered, must seek relief by supersedeas. Cox’s Executors v. Thomas, 11 La. 3G0.
All impediments existing when the first injunction was granted, were removed by the dissolution of that injunction, and the order and writ of seizure and sale were thereby restored to their pristine efficiency, as a necessary logical consequence of the dissolution.
The decree of this Court, which affirmed the judgment dissolving the injunction, cannot be arrested for any of the grounds existing, and pleadable when it was granted.
The function of the court below, in the present case was, as has been held, merely ministerial; its duty was to obey the mandate of this Court, by executing its decree, and causing the original order and writ of seizure and sale to be proceeded with, and executed according to its contents, and according to law.
There is no law requiring the return into courts of writs of seizure and sale, and taking out copies, as in cases of writs of fieri facias. Taylor v. Graham, 18 A. 657.
The granting of a mandamus is within the discretion of the Court, and will be granted when a proper case is made out. We consider this such a case, deeming the grounds set up for the new injunction merged for all legal purposes in the first injunction, and disposed of by the decree dissolving it, and evidently intended to thwart the ends of justice, and to prevent the execution of the mandate of this Court for no legal cause.
The injunction granted on those grounds was a nulliiy.
It is therefore ordered, adjudged and decreed that a peremptory mandamus be issued to the Judge of the Second Judicial District Court of the State of Louisiana, having jurisdiction in the parish of St. Bernard, directing him, regardless of the injunction last granted by him, which is null and void, to cause the mandate of this Court to be executed in tho manner prayed for by the relator in the present proceeding.