## LITTLE ROCK & FORT SMITH RAILROAD CO. VS. HALL.

EVIDENCE: *Bill of Lading.*

A bill of lading is *prima facie* evidence of the receipt by the carrier of the articles enumerated in it, and of the terms of the contract of carriage.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Clark & Williams*, for appellant.

*Caldwell* and *Allen*, contra.

HARRISON, J.:

This suit, which was commenced before a justice of the peace, but finally determined in the Circuit Court, was brought by the appellee against the appellant to recover the value of a bale of cotton claimed to have been lost in transportation on appellant's road.

The defendant, the complaint alleged, on the 2d day of December, 1875, received from the plaintiff at Conway Station, four bales of cotton, to be carried for him to Argenta and delivered to Dowdle, Gibson & Co., but one of which bales it failed to deliver.

The defendant's answer denied that it received four bales from the plaintiff, but admitted that it received three.

Verdict and judgment for the plaintiff for $65.

The plaintiff read in evidence the bill of lading or receipt, signed by the defendant's agent at Conway Station, and dated

Little Rock and Ft. Smith R. R. Co. vs. Hall.

December 2d, 1875, for four bales of cotton, to be carried to Argenta and delivered to Dowdle, Gibson & Co., and produced other evidence conducing to prove that the defendant received from him that number of bales; and proved his ownership of the cotton and that a bale thereof was worth $65.

J. D. Townsend testified for the defendant that he was its agent at Conway Station, and made out and signed the bill of lading; that there was a mistake in the bill of lading, which should have been for three bales instead of four, the mistake occurring by his counting as one of the plaintiff's bales, a bale belonging to another person, and which mistake he discovered the day after the bill of lading was given.

And F. H. Petway, another employee of the company, testified that he counted the plaintiff's bales and there were but three of them.

The court instructed the jury that the bill of lading was *prima facie* evidence that four bales were received, and put the burden upon the defendant of showing that only three were received by it.

To this instruction the defendant excepted.

The instruction was correct. The bill of lading or receipt was *prima facie* evidence, not only as to the number of bales received, but as to every stipulation of the contract of carriage. It could have been intended for no other purpose than as evidence of the fact that so many bales of cotton had been received from the plaintiff for transportation, and the terms and conditions upon which they were to be carried. 2 Redfield on Railways, 141, 146; *Nelson* v. *Woodruff*, 1 Black., 156; *Hastings* v. *Pepper*, 11 Pick., 41; *Price* v. *Powell*, 3 Comst., 322.

Judgment affirmed.