## E. LOWITZ AND ANOTHER v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

February 23, 1917.

Nos. 20,198—(292).

**Carrier — bill of lading — act inapplicable.**
Chapter 414, p. 501, Laws 1909, making a bill of lading, acquired in good faith and for value, conclusive that the carrier issuing the same

[1]Reported in 161 N. W. 411.

received the goods therein specified for transportation, has no application and no effect where the liability of the common carrier arises out of the issuance of an interstate bill of lading.

Action in the district court for Hennepin county by the partners doing business as E. Lowitz to recover $1,100 paid by plaintiffs upon a draft to which was attached a bill of lading issued by defendant for a car of corn, shipped from Minneapolis to Chicago. The answer alleged that when the purported bill of lading was delivered to the shipper the car of corn had not been received by defendant for transportation, and that the bill of lading was void. The case was tried upon stipulated facts before Jelley, J. who ordered judgment in favor of plaintiff. Defendant's motion for amended findings of fact was granted in part and its motion for amended conclusions of law or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Richard L. Kennedy* and *James B. Sheean,* for appellant.
*Kerr, Fowler, Schmitt & Furber,* for respondents.

HOLT, J.

Plaintiffs' complaint set out that R. J. Johnston was doing business in Minneapolis, there owning and in possession of a carload of bulk corn which, on March 1, 1915, he delivered to defendant, a common carrier, who thereupon, while so in possession, executed and delivered to Johnstone its order bill of lading, whereby defendant did state that it had received at Minneapolis, Minnesota, on said date, said corn from Johnstone and did undertake to carry the same to Chicago, Illinois; that upon receiving said bill of lading Johnstone drew a draft on plaintiffs for $1,100 payable to a bank in Minneapolis; that concurrently therewith Johnstone indorsed the bill of lading in blank and delivered the same with draft annexed to the bank, which in good faith advanced the money stated to Johnstone; that, on March 2, 1915, the bank presented the draft with the bill of lading annexed to plaintiffs, who then duly accepted and paid the draft and received the bill of lading; and that the car of corn should have reached Chicago within a week after March 1, 1915, but that at divers and sundry times thereafter plaintiffs have tendered defendant

the bill of lading and without avail have demanded delivery of the corn. The answer was that when Johnstone applied for and came into possession of the bill of lading he did not have or own the car of corn and it was never received by defendant. The stipulated facts, embodied in the findings, make it clear that on the day stated an agent of defendant, duly authorized to issue and deliver order bills of lading upon freight received for transportation, did issue the bill of lading in question, but no corn was delivered to or received by defendant. A mistake had been made by Johnstone and it was not discovered until after plaintiffs in good faith and without notice of the mistake, had for value become the owners and holders of the bill of lading. The court gave plaintiffs judgment for the value of the corn. Defendant appeals.

Had the bill of lading represented an intrastate shipment defendant would unquestionably have been liable under chapter 414, p. 501, Laws 1909 (sections 4322-4329, G. S. 1913), which makes it unlawful to issue a bill of lading until the whole of the property therein described has been actually received by the carrier and makes the latter liable to a good-faith holder of a bill of lading issued in violation of the statute for all damages suffered by him. Previous to the enactment of this statute the rule in this state permitted the carrier to show that the freight mentioned in an order bill of lading, issued by it, had never been received from the shipper, and such proof constituted a good defense, even against a good-faith holder of the bill of lading. National Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. 566; Swedish Am. Nat. Bank of Minneapolis v. Chicago, B. & Q. Ry. Co. 96 Minn. 436, 105 N. W. 69. The Federal decisions are to the same effect. Schooner Freeman v. Buckingham, 18 How. 182, 15 L. ed. 341; Pollard v. Vinton, 105 U. S. 7, 26 L. ed. 998; St. Louis, I. M. & S. Ry. Co. v. Knight, 122 U. S. 79, 7 Sup. Ct. 1132, 30 L. ed. 1077; Friedlander v. Texas & Pac. Ry. Co. 130 U. S. 416, 9 Sup. Ct. 570, 32 L. ed. 991; St. Louis, I. M. & S. Ry. Co. v. Commercial Union Ins. Co. 139 U. S. 223, 11 Sup. Ct. 554, 35 L. ed. 154.

This being an interstate bill of lading the question presented is whether chapter 414, p. 501, Laws 1909, can in any manner affect a cause of action arising under such a bill. We do not think this action is one for damages for a fraud, or to recover a statutory penalty. Plaintiffs

136 M.—16

connect themselves with the defendant through no other means than by a purchase of the bill of lading. The complaint declares upon an interstate shipment evidenced by this bill of lading wherein the property agreed to be shipped is alleged to have been delivered to the carrier. It seems clear to us that, within the recent decisions of the Supreme Court of the United States, the rights and liabilities of the carrier and the holder of the bill of lading issued, or purporting to be issued, upon such shipment is, since the Carmack Amendment, entirely removed from the operation of state or local statutes. In Adams Exp. Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257, Mr. Justice Lurton says (pp. 505, 506) of this amendment: "That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue and limits his power to exempt himself by rule, regulation or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." In Atchison, T. & S. F. Ry. Co. v. Harold, 241 U. S. 371, 378, 6 Sup. Ct. 665, 60 L. ed. 1050, where the state court applied the local rule under which the innocent holder of a bill of lading was invested with rights not available to the shipper, the judgment was reversed; such rule being considered in direct conflict with the general commercial law as settled by the Federal Supreme Court. The opinion reiterates the conclusion of previous decisions, that the Carmack Amendment "was an assertion of the power of Congress over the subject of interstate shipments, the duty to issue bills of lading and responsibilities thereunder, which in the nature of things excludes state action." In answer to the argument that Congress had not undertaken to legislate on liability for error in a bill of lading, purporting to cover an interstate shipment, the court said (page 378): "But this ignores the view expressly pointed out in the previous decisions dealing with the Carmack Amendment that its prime object was to bring about a uniform rule of responsibility as to interstate commerce and interstate commerce bills of lading—a purpose which would be wholly frustrated if the proposition relied upon were upheld." The court also referred to St. Louis & S. F. R. Co. v. Woodruff Mills, 105 Miss. 214, 62

South. 171, as clearly and aptly illustrating that a statute of the state of Mississippi, essentially like ours, was after the Carmack Amendment no longer applicable to interstate bills of lading. The Carmack Amendment as construed by the Supreme Court of the United States, precludes chapter 414, Laws 1909, p. 501, from affecting the liability of a common carrier to a *bona fide* holder for value of a false interstate bill of lading.

We see no escape from the conclusion that the judgment must be reversed.

So ordered.