## NATIONAL ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 15, 1917.

Nos. 20,352—(173).

**Carrier — presumption of negligence — burden of proof.**

1. When a shipper, in an action to recover the value of grain lost in transit, introduces in evidence a bill of lading, calling for a delivery of a certain specified amount of grain at the point of destination, and then proves that a less amount was delivered, the presumption arises that the loss was caused by the negligence of the carrier, and it then

[1]Reported in 163 N. W. 164.

becomes necessary for the carrier to prove the contrary by a fair preponderance of evidence.

**Carrier — weight of shipment — refusal to charge error.**

2. In such action it was error to refuse to charge the jury that defendant must prove by a preponderance of the evidence that either the weight of grain involved as shown by the bill of lading, or by the state certificate of weight, is incorrect.

Action in the municipal court of Minneapolis to recover $8.33 for failure to deliver 510 pounds of grain shipped over defendant's road. The answer was a general denial. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*Lancaster, Simpson & Purdy,* and *Harold G. Simpson,* for appellant.

*M. L. Countryman, Cobb, Wheelwright & Dille* and *H. C. Mackall,* for respondent.

QUINN, J.

Action to recover the value of certain grain alleged to have been lost in transit. Defendant had a verdict, and from an order denying its motion for a new trial plaintiff appealed.

Defendant is a railroad corporation engaged as a common carrier of freight over its several lines of road in this and other states. Plaintiff is a corporation owning and operating a line of grain elevators at various sections on defendant's railway. December 14, 1915, plaintiff claims to have delivered to defendant at Evansville, in this state, 63,600 pounds of wheat, loaded in a car furnished therefor by defendant as suitable for such purpose, for shipment to Duluth, and to be delivered to plaintiff or to such other party as it might designate. Defendant accepted and undertook to safely transport the same, and accordingly issued its bill of lading to plaintiff therefor. Plaintiff thereafter designated the party to whom and the point at which the grain should be delivered.

December 24 defendant delivered the car of wheat in question to the agent of plaintiff at its destination, but, upon unloading the car, it was found to contain only 63,090 pounds of wheat, and plaintiff brings this

action to recover the value of 510 pounds alleged to have been lost in transportation. On the trial plaintiff offered in evidence the bill of lading, and, under a stipulation, the weighmaster's certificate of the state of Wisconsin, which showed the unloading weight of the wheat. It then proved the value of the grain claimed to have been lost, the filing of its claim with the defendant carrier, and that it had not been paid, and rested. Defendant offered proof that its seals were attached to the car at Evansville and remained intact until the time of unloading; that the car was inspected while standing on the track by a state inspector, and was, at that time, in good condition and not leaking, and as to the manner of weighing the grain at Evansville. The terminal weight was not questioned, nor was it claimed that there was any fraud on the part of plaintiff as to the amount of grain loaded, but defendant did contend and attempt to show an error or mistake in the amount of grain loaded.

It is the contention of plaintiff that this being an action on contract and not in tort, and having proved a contract of carriage calling for the delivery of 63,600 pounds of wheat at the point of destination, and having shown that only 63,090 pounds were delivered, it made a *prima facie* case and that the burden thereafter was upon the carrier to prove mistake or fraud in the contract. At the close of the testimony plaintiff requested the court to give the following instruction:

"I charge you that the plaintiff having made out a *prima facie* case, the burden is cast upon the defendant to prove by a fair preponderance of the evidence a contrary state of facts."

"I charge you that defendant must prove by a preponderance of the evidence that either the weights of the grain involved in these actions, as shown by the bills of lading, or by the state certificates of weight, are incorrect and erroneous."

The court refused to give these instructions, but charged the jury with reference to the burden of proof as follows:

"Before the plaintiff can recover in this case it must prove, by a fair preponderance of the evidence, that there was an excess of grain put in the car at the shipping point and delivered to the defendant over that which was delivered to the consignee in Superior, at the end of the destination, and unless the plaintiff proves this, by a fair preponderance

of the evidence, your verdict will be for the defendant. If it does convince you, by a fair preponderance of the evidence, that there was more grain delivered to the defendant than the defendant delivered at the point of destination, then the plaintiff is entitled to recover the amount of grain so lost in transit at its market value."

We are of the opinion that plaintiff was entitled to have the instruction asked for given to the jury. When a shipper, in an action to recover the value of grain lost in transit, introduces in evidence a bill of lading calling for the delivery of a certain specified amount of grain at the point of destination, and then proves that a less amount was delivered, the presumption arises that the loss was caused through the negligence of the carrier, and it then becomes necessary for the carrier to prove the contrary; that is, to meet the presumption of negligence by showing a fact or state of circumstances which otherwise accounts for the shortage, and this it must do by a preponderance of evidence. Fockens v. U. S. Exp. Co. 99 Minn. 404, 109 N. W. 834; Brennisen v. Pennsylvania R. Co. 100 Minn. 102, 110 N. W. 362, 10 Ann. Cas. 169; section 4372, G. S. 1913; Little Rock & S. F. R. Co. v. Hall, 32 Ark. 669; Hastings v. Pepper, 11 Pick. 41.

While the amount involved is trifling, the case is important. Having in view, no doubt, the immense traffic moving from one end of the country to the other by rail, and appreciating the vast amount of money passing daily upon recitals in bills of lading, the legislature enacted the present statutes, sections 4325 and 4491 of which provide in part as follows:

"4325. It shall be unlawful for any carrier, or for any officer, agent or servant of a carrier, to issue an order bill of lading or a straight bill of lading, as defined by this act, until the whole of the property as described therein shall have been actually received and is at the time under the actual control of such carrier, to be transported * * *."

"4491. Every common carrier transporting grain shall give the shipper, on request, a receipt for the number of pounds of grain received from him, and shall deliver such quantity to the consignee or proper connecting carrier * * *."

The statute places upon the carrier the duty to issue to the shipper a bill of lading reciting the number of pounds of grain received by it,

and for the delivery of the same to the consignee at the point of destination, or to a proper connecting carrier. To hold that a shipper, in an action of this character, must prove in the first instance the amount of grain delivered to the carrier, the action being based upon the contract, would indeed be a new rule of evidence; yet this is what the refusal to give the instructions requested amounts to.

Order reversed.