## GREAT WESTERN GRAIN COMPANY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 5, 1925.

No. 24,529.

**Certificate of state weighmaster.**

1. Under section 5046, G. S. 1923, the certificate of the state weighmaster is prima facie evidence of the facts stated therein.

**Bill of lading statute applies to interstate shipments.**

2. Section 4865, G. S. 1923, is merely declaratory of the general rule that a bill of lading is prima facie evidence of the receipt by the carrier of the goods described therein, and in this respect the statute is applicable to interstate as well as intrastate shipments.

**Prima facie case in action to recover for loss of wheat in transit.**

3. In an action to recover the value of wheat alleged to have been lost in transit, plaintiff made a prima facie case by introducing in evidence the bill of lading, the weighmaster's certificate and proof of the market price of the wheat.

**Finding sustained as to quantities received and delivered.**

4. The evidence supports the finding that the defendant received the quantity of wheat mentioned in the bill of lading and delivered only the quantity mentioned in the weighmaster's certificate.

1. See Carriers, 10 C. J. p. 389, § 600.
2. See Carriers, 10 C. J. p. 199, § 262.
3. See Carriers, 10 C. J. p. 390, § 600.
4. See Carriers, 10 C. J. pp. 389, 390, § 600.

Action in the municipal court of Minneapolis. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff for $628.41. Defendant appealed from the judgment. Affirmed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellant.

*Harold G. Simpson,* for respondent.

[1]Reported in 204 N. W. 47.

Lees, C.

On August 18, 1920, at Ashton, South Dakota, defendant received from plaintiff a carload of wheat for transportation to Minneapolis. It issued a straight bill of lading in the standard form approved by the Interstate Commerce Commission, in which plaintiff was named as both shipper and consignee, and the shipment described as follows: "P. R. R. car No. 40292, bulk wheat loaded full viz cap'y. Weight subject to correction 91020." On August 20 the car arrived at the Bass Lake yards in Minneapolis, where a state sampler went into it and took a probe sample. He found a high load, that is, the grain was at least 6 feet in depth. He also found a leak through one of the grain doors, which he characterized as a minor one. It appears to be conceded that, if the grain was over 6 feet in depth, the car must have contained approximately 91,020 pounds. On August 23 the car was unloaded at the Washburn-Crosby Company's mill and the wheat weighed. Its weight was 73,450 pounds, or 17,570 pounds less than the amount stated in the bill of lading. This action was brought to recover for the alleged shortage and resulted in a judgment in plaintiff's favor, from which defendant appealed.

To maintain its claim, plaintiff offered in evidence the bill of lading, the certificate of the state weighmaster showing the weight of the wheat at the mill, proof of the value in the Minneapolis market of wheat of the grade shipped, and proof that the freight charges on the car were paid on the basis of 73,450 pounds of wheat. When plaintiff rested, defendant moved for a dismissal on the ground that the amount of grain loaded had not been proved, and on the further ground that there was no proof that any grain was lost in transit. The motion was denied and defendant introduced evidence showing that the car was in good condition when loaded and when delivered at the point of destination; that it had what is known as "a perfect seal record" from Ashton to Minneapolis, and that no leaks were observed by trainmen or inspectors while the shipment was in transit.

The claim is made that there must have been a mistake in weighing the wheat at the mill; that the weighmaster's certificate is based

on hearsay and not on personal knowledge; and that the discrepancy in the weights is so great that the car described in the certificate cannot be the one referred to in the bill of lading.

The manner in which the car was unloaded and the weight of the wheat ascertained was gone into at length by the witnesses. The weighing was done by two men, one an employe of the Washburn-Crosby Company, the other a state weigher. To get the right result each must have done his part of the work correctly. The system of weighing seems to have been carefully devised to secure accurate results. If the work of each man had been verified by the other, the possibility of error would have been reduced to a minimum. As we read the evidence, there was a possibility, but not a probability, that an error may have occurred. We find nothing in the evidence, aside from the great difference in the weight of the wheat at Ashton and at Minneapolis, to indicate that there was an error. The statute makes the weighmaster's certificate prima facie evidence of the facts stated therein, G. S. 1923, § 5046, and we think the weight of the certificate as evidence was not destroyed by the proofs.

Upon the authority of National Elev. Co. v. G. N. Ry. Co. 137 Minn. 217, 163 N. W. 164, it must be held that the introduction in evidence of the bill of lading and the weighmaster's certificate, followed by proof of the value of the wheat, established a prima facie case of liability on the part of the defendant.

Defendant's counsel contend that National Elev. Co. v. G. N. Ry. Co. is not authority here because this was an interstate shipment not made under an order bill of lading held by an innocent purchaser. Lowitz v. C. St. P. M. & O. Ry. Co. 136 Minn. 227, 161 N. W. 411, is cited in support of the contention. It was there held that, in the case of an interstate shipment, the Minnesota statute, G. S. 1913, § 4325, which makes it unlawful to issue a bill of lading before all the property described therein has been received by the carrier, cannot be given effect if, through mistake, the bill was issued although no goods were received. The decision was based on Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257, holding that Federal legislation relative to

interstate shipments has superseded all state regulations. See also C. R. I. & P. Ry. Co. v. Hardwick Farm. Elev. Co. 226 U. S. 426, 33 Sup. Ct. 174, 57 L. ed. 284, 46 L. R. A. (N. S.) 203.

The fact that we are here concerned with an interstate shipment is not important. That portion of G. S. 1923, § 4865, which makes a bill of lading admissible in evidence in any cause pending in any court in this state as prima facie evidence of the weight of the goods described therein is merely declaratory of the general rule that a bill of lading is always prima facie evidence of the receipt by the carrier of the goods described. Hutchinson, Carriers (3d. ed.) § 158.

The rule is clearly stated in Vanderbilt v. Ocean S. S. Co. 215 F. 886, where a shipment of lumber was involved. The court said:

"A bill of lading has a twofold character. It is a contract to transport and deliver the goods to the consignee upon the terms specified in it; and it is also a receipt as to the quantity and description of the goods shipped. * * * So far as it constitutes a receipt, it is like other receipts, subject to be contradicted or explained by proof as to the facts. * * * A carrier is not therefore conclusively bound by the statement contained in a bill of lading as to the quantity of lumber received. The court below stated that 'the bill of lading prima facie binds the ship and its owner.' And no doubt that ordinarily is the case."

We are of the opinion that the introduction in evidence of the bill of lading and the weighmaster's certificate made a prima facie case for a recovery by the plaintiff, and that the ultimate question is whether defendant produced sufficient evidence to overcome the effect of these two documents.

It is difficult to account for the great difference in the weight of the wheat at Ashton and at Minneapolis, in view of the evidence of the absence of a leak of any consequence, the proof of the seal record, and the lack of opportunity for a thief's removal of any great quantity of wheat from the car while it was in the Bass Lake yards. However, the trial court concluded that the presumptions in plaintiff's favor were not overcome, and a careful examination of the

record has satisfied us that the findings are not manifestly contrary to the evidence.

Judgment affirmed.