BENJAMIN F. O'REER, Plaintiff in Error, v. WILSON STRONG, Defendant in Error.

## ERROR TO JO DAVIESS.

Where, in a contract for the sale of a grist-mill house, wheels, irons, bolts, &c., attached to said mill-house, the purchaser sought to recover the value of a bolting-cloth, which had been removed prior to the sale:—

*Held*, that the bolting-cloth formed no part of the property sold. Parol proof was inadmissible to show that the contract was designed to embrace this article.

Where the contract of the parties is reduced to writing, the writing affords the only evidence of its terms.

Assumpsit is not the proper remedy, to recover the value of the bolting-cloth in this case, unless upon proof that the cloth had been converted into money or its equivalent, or the delivery of it had been refused.

In awarding costs on appeal from justices of the peace, where the judgment is affirmed, if the plaintiff below appeal, the Circuit Court should charge him with the costs of appeal.

O'REER sued Strong before a justice of the peace in Jo Daviess county, by attachment, for the sum of $51.32, and recovered judgment for $25.15 damages, and for $3.10 costs. O'Reer appealed to the Circuit Court of Jo Daviess county, and at September term, 1851, SHELDON, Judge, presiding, the cause was tried by a jury, and resulted in a verdict and judgment, for precisely the same amount that was recovered before the justice. The defendant Wilson, insisted that the costs should be taxed against the plaintiff in both courts ; the Circuit Court, rendered judgment accordingly. O'Reer brings the cause to this court.

J. P. STEVENS, for plaintiff in error.

HIGGINS & STROTHER, for defendant in error.

TREAT, C. J. O'Reer brought an action of assumpsit against Strong, before a justice of the peace, and obtained a judgment for $25.15. He prosecuted an appeal to the Circuit Court, where a verdict was returned in his favor, for the same amount. He made a motion for a new trial, which was refused ; and judgment was then entered for him, for the amount of the verdict,

and he was adjudged to pay all the costs of the case. He now brings the record into this court. It appeared, on the trial, that the defendant was indebted to the plaintiff in the sum of $25.15. The only controversy was about a bolting-cloth, the value of which the plaintiff claimed to recover. He read in evidence a bill of sale, bearing date the 27th of July, 1850, by which the defendant sold the plaintiff a certain "grist-mill house, wheels, irons, stones, bolts, and all other the furniture and fixtures contained in or attached to said mill-house." A witness testified that defendant told him before the date of the bill of sale, that he had taken the bolting-cloth in question, out of the mill into his possession, for safe keeping, and that it was a very good one; witness understood the term bolt to include the bolting cloth, and the price of a common bolting-cloth, was from $40 to $60. Another witness testified that in September, 1850, he heard a conversation between the parties, at plaintiff's house near the mill, in which plaintiff asked defendant if he had brought down the bolting-cloth, and defendant replied that he had not, but was soon going up to the Platte, (which was twenty miles distant,) and would then bring it to him. Another witness heard defendant say, in the fall of 1850, that he had sold plaintiff a bolting-cloth, and would bring it to him in a few days. The suit was commenced in February, 1851.

The plaintiff was not entitled to recover the value of the bolting-cloth. It did not pass to him by the bill of sale. The sale was of the mill-house, and the furniture and fixtures contained in, or attached thereto. The cloth had been removed prior to the sale, and was not at the time of the sale contained in, or attached to, the mill. It consequently formed no part of the property sold. Nor was it competent to prove, by parol, that the bill of sale was designed to embrace this article. The contract of the parties was in writing, and the writing afforded the best evidence of what they intended. A contract cannot rest partly in writing, and partly in parol. If it is reduced to writing, the writing affords the only evidence of its terms. It cannot be varied or contradicted by parol evidence. This principle is too well established, to require any reference to authorities. The parol evidence, introduced for the purpose of showing that the bolting-

58*

cloth was included in the sale, was admitted in clear violation of the rule, and the plaintiff has no reason to complain because it was disregarded by the jury.

But if the bolting-cloth was really included in the sale, and the consideration was advanced by the plaintiff, we should not be inclined to disturb the verdict. In such event, it may well be doubted whether he could recover in this form of action, without proof, either that the defendant had converted the article into money or its equivalent, or had refused to deliver it according to the contract. In the first case he might be entitled to recover the price, as so much money had and received by the defendant to his use; in the latter case, his damages for not delivering the property, might be its value, at the time it should have been delivered. The evidence did not tend to show that the defendant had sold the property; nor did it appear that he was bound by the terms of the contract to deliver it at the residence of the plaintiff. If he was not thus bound to deliver the article, it was the duty of the plaintiff to call for it; and only on the refusal of the defendant to deliver it, could an action of assumpsit be maintained against him for the value. The evidence was not of such a character, as necessarily to compel the jury to find against the defendant. The giving of certain instructions is assigned for error, but as the record fails to show that they were excepted to when given, they will not be further noticed.

The court erred in its disposition of the costs. The plaintiff obtained a judgment in the first instance, and that judgment was affirmed in the Circuit Court. He had therefore a good cause of action, and was entitled to recover the costs incurred in asserting it. He was the successful party before the justice, but the unsuccessful party in the Circuit Court. The appeal was causelessly prosecuted, and he ought to be charged with the costs. As respects the appeal, the defendant was the successful party, and he ought to recover the costs incurred in defending it. The 17th section of the 26th chapter of the Revised Statutes must be understood as applying to cases in which the unsuccessful party before the justice, prosecutes an appeal that results in an affirmance of the judgment.

The judgment of the Circuit Court will be reversed with the costs of this writ of error; and the cause will be remanded to that court, with directions to enter a judgment in favor of the plaintiff, for the amount of the verdict, and the costs before the justice, and also to enter a judgment in favor of the defendant for the costs of the appeal.

*Judgment reversed.*