CHARLOTTE A. WOODBURY, Plaintiff in Error, v. JOHN FRINK et al., Defendants in Error.

ERROR TO PEORIA.

If in action against a common carrier it is alleged that goods were not delivered, the plaintiff must support the allegation by proof; but slight evidence may be sufficient to sustain the averment.

THE facts of this case will be found in the opinion.

The cause was heard before KELLOGG, Judge, and a jury, at November term, 1851, of the Peoria Circuit Court, and resulted in a verdict and judgment for the defendants in error.

C. BALLANCE, for plaintiff in error.

J. MANNING, for defendants in error.

TREAT, C. J.   This was an action of assumpsit brought by Woodbury against Frink, in August, 1850.   It was alleged in the declaration, that the defendant, as a common carrier for hire, in September, 1847, at Peoria, received from the plaintiff a trunk containing wearing apparel of the value of $100, and undertook to carry it by stage to Springfield; and that he never delivered the trunk, but lost the same.   The plea was non-assumpsit.   It appeared in evidence, that the defendant, in the fall of 1847, agreed to carry the plaintiff's trunk from Peoria to Springfield, for a stated compensation.   The proof also tended to show, that the trunk was delivered at the stage office of the defendant in Peoria, and that the contents were of the value of $75.   On this state of case, the court gave this instruction: " The burden of proof of the non-delivery of the trunk, at the place of delivery, is on the plaintiff; and unless the plaintiff has shown some evidence that the trunk was not delivered, the defendant is not required to produce any evidence that it was so delivered, in order to sustain his defence."   The verdict and judgment were for the defendant.

The allegation of the non-delivery of the trunk was material, and it was incumbent on the plaintiff to sustain it by proof. Evidence tending to show the non-delivery was necessary, in order to put the carrier in default.   This appears to be the established rule of law.   It is thus stated in 2 Greenl. on Evidence, § 213: " If the loss or non-delivery of the goods is alleged, the plaintiff must give some evidence in support of the allega-

tion, notwithstanding its negative character." See, also, Angell on Carriers, §§ 470, 471; 2 Phillips' Ev. 75; Griffiths v. Lee, 1 Carrington & Payne, 110; Tucker v. Cracklin, 2 Starkie's Rep. 385. This rule imposes no hardship on a plaintiff. If the facts authorize it, he can easily produce evidence conducing to show the non-delivery of the goods. Slight evidence is sufficient to sustain such an averment. In the present case, there was no difficulty in making the necessary proof. The trunk was directed to the plaintiff, to the "care of Isaac S. Britton, Springfield, to be left at the American House." The plaintiff might have made out her case by introducing Britton, and proving by him that he called for the trunk at the American House, within a reasonable time after it was received by the defendant, and did not obtain it; or she might have proved by the landlord that the trunk was never delivered at the house. Such evidence would be sufficient to change the burden of proof, and compel the defendant, in order to discharge himself from liability, to show a delivery of the trunk, or a loss thereof from a cause not within the risk of a common carrier.

The judgment is affirmed.

*Judgment affirmed.*