MARCELLUS G. LEONARD

*v.*

WILLIAM S. DUNTON *et al.*

for the use of WILLIAM WATERMAN.

1. PAROL EVIDENCE—*to vary the terms of a warehouse receipt.* A warehouse receipt given by a warehouseman for grain received in store, is the contract of the parties, and parol evidence is not admissible to vary its terms.

2. REMEDY—*against a warehouseman for failing to deliver grain on a warehouse receipt.* Where a warehouseman receives grain in store, and gives his receipt therefor, providing for a delivery of the grain on the order of the owner, while an action of trover might lie against the warehouseman on his refusal to deliver the grain on demand, yet assumpsit will also lie, for the breach of the contract. The rule that a party can not waive the tort and declare in assumpsit for money had and received unless money has actually been received, has no application in such a case.

3. MEASURE OF DAMAGES—*for non-delivery of grain by a warehouseman.* In assumpsit against a warehouseman for a refusal to deliver grain placed in store, on demand, according to his contract, the measure of damages is the value of the grain at the time it should have been delivered.

---

4. WAREHOUSEMEN—*non-payment of storage.*   Where grain is stored in a warehouse, to be kept for a short time without charge, and to be delivered to the owner when demanded, the neglect of the owner to pay storage after such time, or to offer to do so, will not defeat his action against the warehouseman for a breach of the contract of the latter to deliver the grain on demand.   The most the warehouseman could claim would be a reasonable deduction for storage after having given notice that storage would be charged.

APPEAL from the Circuit Court of Boone county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Messrs. WOOD & MOORE, for the appellant.

Mr. W. T. BURGESS, and Mr. H. B. WATERMAN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Boone circuit court, brought by William S. and George B. Dunton, for the use of William Waterman, against Marcellus G. Leonard, on a warehouse receipt for wheat delivered the defendant, a warehouseman, by the plaintiffs on the 18th of May, 1861, and subject to their order.

The general issue was pleaded, and the jury found for the plaintiff, on which the court rendered a judgment.   To reverse this judgment, defendant appeals.

The substantial question in the case, as appellant insists, is, was he bound to deliver the wheat without a tender or offer to pay the charges of storage.

The receipt in question, when executed by defendant, contained the words, " on payment of charges," following immediately after the words " subject to the order of themselves thereon," but which, on being presented to plaintiffs, they refused to accept, insisting the contract was, the storage should

484          LEONARD *v.* DUNTON *et al.*          Sept. T.,

Opinion of the Court.

be without charge, whereupon the defendant erased the words "on payment of charges," and in that form delivered it to the plaintiffs, and they accepted it.

This receipt must be held as the contract of the parties as to this wheat, and parol evidence to change its terms is inadmissible. The claim of appellant, therefore, that it was understood and agreed that the wheat should be free of charge for a short time only, can not be allowed. Testimony to that point went to the jury, but their verdict ignores any such agreement or understanding.

The first point made by appellant is, that the receipt was improperly admitted in evidence against his objection. He contends it could only be material in connection with other evidence in an action of trover, and that under the evidence in this case assumpsit can not be maintained. He insists, as the receipt on its face imports a bailment, the title to the wheat did not pass to him but remained in appellees, and cites several cases in support of the proposition, among them *Seymour* v. *Brown*, 19 Johns. 44, where wheat had been delivered to a miller to be converted into flour. It was consumed with fire, without negligence on the part of the miller, and he was held not liable. The case of *Burton* v. *Curyea*, 40 Ill. 321, is also cited. That was pork in barrels, and it was held it was the property of the holder of the warehouse receipt.

The point that the appellant makes is, that this wheat was mixed in the bin with wheat of the same quality belonging to him, and therefore appellees became tenants in common with him in the wheat, and he had a right to take his share from the bin, provided he left sufficient of the proper quality to meet the receipt held by appellees, and that, if appellant refused to deliver appellees their share on demand, even if he had no lien on it for storage, it would present a clear case of conversion, for which an action of trover, and not assumpsit, would lie.

In support of this, *O'Reer* v. *Strong*, 13 Ill. 688, is cited. This action was brought for the value of a bolting cloth,

alleged to have been sold with the mill. The court say, if the bolting cloth was included in the sale, it might well be doubted whether he could recover in this form of action without proof either that the defendant had converted the article into money or its equivalent, or had refused to deliver it according to the contract. In the first case, he might be entitled to recover the price, as so much money had and received by the defendant to his use; in the other, his damages, for not delivering the property at the time it should have been delivered. And this is the rule everywhere. This action is brought on the contract for failing to deliver the wheat on demand according to the contract, and though trover might lie, assumpsit will also lie for damages for breach of contract. The rule that a party can not waive the tort and declare in assumpsit for money had and received, unless money has actually been received, has no application to this case, and if it had, the action could be maintained on the proof that it was understood by the parties the wheat was to be sold by the defendant if he wished to sell it, and it is in proof he shipped it to market and sold it. The price of such wheat was proved, and it is a fair presumption he received the market price. This action was brought on the contract, and the measure of damages was the value of the wheat at the time it should have been delivered.

We come now to consider the second instruction asked by appellant, and on which his counsel say the case turns. That instruction was as follows:

"If the jury further believe from the evidence that by agreement, the grain in question was to be stored by the defendant for only a short time, without charge, and that the plaintiffs never demanded the grain until August, A. D. 1862, and then neglected and refused to pay reasonable storage after such time, and have not before suit brought, offered to pay such reasonable storage after the lapse of such short time, then the jury should find for the defendant."

The objection to this instruction is, that if the facts were as stated, it by no means followed the verdict should be for the defendant. The most he could claim would be a reasonable deduction for storage after the notice was given, or the appellant had sold the wheat. The instruction should also have contained some reference to notice by appellant to appellees, that after a certain day he should charge for storage, so that appellees might withdraw the grain. This instruction was properly refused.

Some objections have been taken to the instructions given for the appellees. If they are obnoxious to objection, they did not tend so to mislead the jury as to work injustice. On consideration of the whole record, justice appears to have been done, and we will not disturb the judgment. It must be affirmed.

*Judgment affirmed.*