CHICAGO AND NORTHWESTERN RAILWAY COMPANY

*v.*

WILLIAM P. DICKINSON *et al.*

1. CARRIER — *burden of proof of loss or non-delivery.* In an action against a carrier, where the loss or non-delivery of goods is alleged, the plaintiff must give some evidence in support of the allegation, notwithstanding its negative character, but slight evidence will be sufficient.

2. SAME — *plaintiff not required to show non-delivery by a preponderance of evidence.* In an action against a carrier for failing to deliver goods shipped, the plaintiff is not bound to show non-delivery by a preponderance of testimony. Slight evidence of that fact will be sufficient to shift the burden of proof upon the carrier.

3. SAME — *measure of damages.* The measure of damages in case of the failure of a carrier to deliver goods according to contract, and which are lost, is their market value at the time when and the place where they should have been delivered, and such value is purely a question of fact for the jury.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. B. C. COOK, for the appellant.

Mr. JOHN WOODBRIDGE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the circuit court of Cook county, against the Chicago and Northwestern Railway Company, to recover the value of one car of broom-corn shipped at Cherry Valley, October 6th, 1871, consigned to appellees at the Empire Warehouse in Chicago.

A trial was had before a jury, which resulted in a verdict of $958.32 in favor of the plaintiffs. The court overruled a motion for a new trial and rendered judgment upon the verdict.

32—74TH ILL.

The railroad company has prosecuted an appeal, and relies upon three grounds to obtain a reversal of the judgment.

1st. The verdict is against the weight of evidence.

2d. The court erred in refusing appellant's fourth instruction.

3d. The court erred in giving appellees' fourth instruction in regard to the measure of damages.

There is no dispute but the railroad company received the broom-corn at Cherry Valley for transportation, and it is also a conceded fact that the contract under which it was shipped required the company to carry it to Chicago and deliver the car containing the corn upon the side track connected with appellees' warehouse.

The evidence does not agree as to the time the corn was shipped. Appellees claim it was shipped on Friday evening October 6, 1871, while appellant insists that it was shipped on the morning of October 6. That fact, however, is not very important.

The real controverted fact in the case was whether the company had delivered the corn at appellees' warehouse.

Upon this point appellant introduced evidence tending to show that the corn was shipped on the morning of the 6th, in a car of a certain number. Beecher, agent of Park station, testifies the car arrived at that station October 6, 1871, at ten minutes past two o'clock, P. M.; one Chadwick, an employee in the freight depot, testified he had a record showing that the car arrived at Galena in freight-house about four o'clock, P. M., of that day; that it was loaded with broom-corn, and that he marked the car "W. P. Dickinson, Empire Warehouse." That is the usual course of business. The car would be switched down to the warehouse at the earliest opportunity by Mr. Daily, switchman.

Thus far the appellant traced the car from the time it was filled with broom corn at Cherry Valley, but no witness testifies that the car was switched to the warehouse of appellees. Daily, the switchman, testifies, in a general way, that all cars

were delivered that came in; that no car was left unloaded at the Galena freight depot on Saturday night, October 7, but he does not testify that the car which appellant traced from Cherry Valley so accurately by number, was delivered.

On the other hand, Bogardus testified that the car of broomcorn did not leave Cherry Valley until Friday evening, October 6. Appellee Dickinson testified, on Friday they received two cars from Bogardus and one from Kendall, that had been shipped several days before; that on Saturday, late in the afternoon, they paid the freight on those three cars, and were notified that another car had arrived at the depot from Bogardus, and the freight was also paid on that car, but it was not delivered; that he was at the warehouse all day Saturday.

This testimony was corroborated by the evidence of other witnesses, which it is not necessary to refer to in detail.

In our judgment, from an examination of the evidence, it clearly preponderates in favor of appellees, that the broom-corn was not delivered; but were it otherwise, we could not, under the uniform decisions of this court, reverse. The most favorable light in which the evidence can be viewed for appellant, on the question of delivery, is, it is conflicting, and under such circumstances we will not disturb the verdict.

The fourth instruction of appellant, which the court refused, was as follows:

"Before the plaintiffs can recover in this case, they must prove, by a preponderance of testimony, that the broom-corn in question was not delivered to them by placing the car containing the broom-corn upon the track adjacent to plaintiffs' warehouse."

In an action of this character, against a common carrier, to recover for the loss of goods which the carrier has failed to deliver, the law undoubtedly requires some proof that the goods were not delivered; but slight evidence will be sufficient to shift the burden of proof upon the common carrier.

In section 213, second volume Greenleaf on Evidence, the rule is stated thus: "If the loss or non-delivery of the goods

is alleged, the plaintiff must give some evidence in support of the allegation, notwithstanding its negative character."

Angell on the Law of Carriers, section 470, says, " when non-feasance or negligence is alleged in an action on contract, the burden of proof is unquestionably on the plaintiff, notwith-standing its negative character ; that is, the party making the allegation of loss or non-delivery must *give some evidence* in support of the allegation, notwithstanding its negative char-acter."

In *Woodbury* v. *Frink*, 14 Ill. 279, this court held the alle-gation of non-delivery was a material one, which the plaintiff was required to sustain by proof ; but slight evidence was sufficient.

In view of the authorities, the instruction of appellant was properly refused.

The other point relied upon by appellant arises upon the instructions given for appellees as to the measure of damages, one of which is as follows :

" If the jury shall believe, from the evidence, that the broom-corn in question was shipped from Cherry Valley, consigned to plaintiffs, about October 6th, 1871, on a freight car of defendant, under a contract between plaintiffs and defendant to deliver the same at plaintiffs' warehouse in Chicago, for hire, and that defendant failed to deliver said corn at said warehouse, or in the yards adjacent thereto, and were common carriers, the jury must find for plaintiffs, and must assess their damages at the market value of the corn in Chicago when the same should have been delivered, unless defendant was pre-vented from making such delivery by the act of God or of the public enemy."

The broom-corn, for which this action was brought, was no doubt destroyed by the fire that occurred in Chicago on the 8th and 9th day of October, 1871.

This action is based upon the contract of appellant to trans-port and deliver the broom-corn. The measure of damages on the failure of appellant to deliver the article, was its market

value when it should have been delivered.  *Leonard* v. *Dunton*, 51 Ill. 482.

This is the principle embodied in the instruction, which is clearly correct.

If there was a fire raging in Chicago at the time the corn should have been delivered, which materially affected its market value, appellant should have made proof of that fact before the jury.

The market value of the corn when it should have been delivered was purely a question of fact for the jury to determine from the evidence before them.

The case of *Parsons* v. *Pettingill*, 11 Allen, 507, cited by appellant, cannot be regarded as an authority in this case. There is no analogy between the facts disclosed by this record and those upon which the decision in the case cited was made.  That was an action against a fire warden to recover the value of a building which he had caused to be blown up to check the spread of an extensive fire.

In this case there was no fire in existence at the time the corn should have been delivered.

We are satisfied the law involved in the case has been fairly given to the jury.  The verdict of the jury is sustained by the evidence.  The judgment will therefore be affirmed.

*Judgment affirmed.*