OIL TROUGH GIN COMPANY *v.* HINES.

Opinion delivered December 8, 1919.

1. TRIAL—REQUEST BY BOTH PARTIES FOR PEREMPTORY INSTRUCTION. —Where both parties request a peremptory instruction, and do nothing more, they assume the facts to be undisputed and submit to the judge the determination of the inferences to be drawn therefrom.

2. CARRIERS—LOSS OF SHIPMENT—EVIDENCE.—Where there was a conflict in the evidence as to whether there was a loss in shipment of cotton seed, a directed verdict for defendant will be sustained where both parties requested a peremptory instruction.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

STATEMENT OF FACTS.

Appellants brought this suit against appellee to recover damages in the sum of $701.83 for loss sustained by them in the transportation of a car of cotton seed alleged to have occurred on account of the negligence of appellee.

On the part of the appellants it was shown that the Oil Trough Gin Company is a partnership composed of J. M. Stephens and L. L. Ellison. · According to the testimony of J. D. Ford, he was the bookkeeper of the firm during the ginning season in the fall of 1917. The firm operated its gin at a place five or six miles distant from Newark, Arkansas. The firm sold a car load of cotton seed to the Forrest City Cotton Oil Company at Forrest City, Arkansas. The usual custom of the firm in cases of this sort was to weigh the cotton seed in wagons at the gin and then haul it to Newark, where it was placed in a car on the railroad to be carried to the point of destination. Ford weighed the wagons which started from the gin to Newark with the cotton seed in question. The amount so weighed by him amounted to 60,050 pounds. The drivers of the last two wagons testified that they unloaded their seed from their wagons and placed it in a car. This filled the car up to the roof except. a place right at the door where a man would stand who was shoveling the seed back. None of the drivers of the other wagons were placed on the stand.

J. A. Rouse helped to load the car of cotton seed in question and testified that the last two loads filled the car up to the roof. He further stated that he was paid by the ton for loading seed and had often loaded cars of the size of the one in question in the present case; that the returns from the point of destination governed as to his payment for loading the cars, and based on his past experience, he said that he was sure that the car in question contained 60,000 pounds of seed. The car was sealed up when it was loaded. · A bill of lading was issued and the bill of lading placed the weight at 80,000 pounds with this notation, "weight subject to correction."

Appellants also introduced in evidence the freight bill which was issued at Forrest City, Arkansas, the point of destination. The freight bill showed the weight of the cotton seed to be 40,100 pounds. Here the appellants rested and appellee moved the court for an instructed verdict. Thereupon appellants also asked the court for

an instructed verdict. Neither party asked for any further instructions.

The court directed a verdict for appellee, and the case is here on appeal.

*John B. & J. J. McCaleb,* for appellant.

1. Both parties having requested a peremptory instruction, it was the duty of the court to dispose of all issues in the case of law and fact, but it was error to instruct for defendant, as the evidence was not undisputed and this court should reverse because there is no evidence to uphold a directed verdict. 193 S. W. 197; 10 R. C. L. 194; 96 Ark. 504; 101 *Id.* 532; 96 *Id.* 37; 100 *Id.* 71.

2. Appellants supported every material allegation in their complaint by competent evidence and appellee has not attempted to controvert this testimony in a single particular, and, both parties having requested a peremptory instruction and done nothing more, it was the duty of the court to direct a verdict for plaintiffs, and it was error to fail to do so. Cases *supra.*

*Troy Pace,* for appelleee.

It was the duty of the court to direct a verdict for appellee. 100 Ark. 71; 114 *Id.* 376; 32 *Id.* 337; 76 *Id.* 137; 89 *Id.* 273, 278. See also 103 *Id.* 64; 114 *Id.* 112, 119; 93 *Id.* 227.

HART, J., (after stating the facts). The effect of our decisions is that where both parties request a peremptory instruction and do nothing more, they thereby assume the facts to be undisputed, and submit to the judge the determination of the inferences proper to be drawn from them. *St. L. S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71, and *St. Louis, I. M. & S. Ry. Co.* v. *Ingram,* 118 Ark. 377.

Counsel for appellants concede this to be the effect of our decisions; but they contend that under the undisputed evidence the court should have directed a verdict for appellants. We do not agree with counsel in this contention. It is true that, under the evidence adduced by appellants, they made out a case against appellee, but

it can not be said that the evidence in their favor is un-disputed. The bookkeeper for appellants weighed out 60,000 pounds of cotton seed for the purpose of having the same shipped to Forrest City, Arkansas. These wag-ons started towards Newark, but the witness did not know whether all or only part of the seed reached their destination. Only two of the haulers testified. They said they hauled the two last loads and that when they placed the seed in the car the car was full up to the roof. A witness who helped load the car said that he was paid by the ton for loading cars of seed and that he was paid by the amount shown in the freight bill or returns to have been received by the consignee at the point of desti-nation. He felt sure, judging from his past experience, that the car in question contained 60,000 pounds of seed. The weight of seed was placed in the bill of lading at 80,000 pounds with this notation, "Weight subject to cor-rection." This evidence was sufficient to have warranted a verdict for appellants, but it is not undisputed. The car was sealed up after it was loaded and carried to its destination at Forrest City, where it was weighed by the railroad company before it was unloaded. Its weight there was shown to be 40,000 pounds. This was the weight placed in the freight bill which was introduced by appellants without objection. This testimony tended to contradict the other testimony introduced by appellants. The jury might have found from it that, the car having been weighed at point of destination before it was deliv-ered to consignee and the weight being only 40,000 pounds, the other witnesses for the plaintiff were mistaken in placing or estimating the weight of the seed at 60,000 pounds.

Therefore, it can not be said that the testimony in favor of appellants is undisputed, and the judgment must be affirmed.