NYE-SCHNEIDER-FOWLER COMPANY, APPELLEE, v. CHICAGO & NORTHWESTERN RAILROAD COMPANY, APPELLANT.

FILED MAY 6, 1921. No. 21248.

1  Carriers: LIABILITY. A railroad company is liable for loss of grain shipped over its road, and the proof of loss makes a *prima facie* case against the company, by reason of the presumption that the loss resulted from some cause other than one which would exempt the company from liability; but the company is not liable for the natural shrinkage in weight of grain during shipment, due to its drying and losing a percentage of its moisture content.

2.  ———: LOSS OF GRAIN: BURDEN OF PROOF. The burden of proving the extent of loss of grain from the car during shipment is upon the shipper and does not shift to the railroad company.

3.  ———: ———: ———. Proof of weights of grain before and after shipment, when shown to have been carefully made and with proper apparatus, is presumptively correct; but, where the railroad company introduces evidence of mistakes, or other evidence tending to impeach the accuracy or reliability of the weights, or of the record of the weights made, the question of the correctness of the weights is for the jury and is a fact which the shipper must prove by a preponderance of the evidence.

4.  ———: ———: ———. Where evidence is introduced to show that grain will shrink in weight during shipment, owing to loss of moisture content, it at once appears that the mere discrepancy in weight before and after shipment cannot be relied on alone to prove the actual loss of grain from the car, and the burden, therefore, of proving such shrinkage, or the reasonable limit of such shrinkage, and of making allowance therefor, is upon the shipper.

5. Instructions on the burden of proof in such cases examined, and *held* erroneous.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Wymer Dressler and C. H. Gorman,* for appellant.

*Courtright, Sidner, Lee & Jones, contra.*

FLANSBURG, J.

Action for damages for loss of grain in shipment over defendant's railroad. The case originally involved 299 causes of action, covering as many separate shipments made, within the state, during the years 1914, 1915, and 1916. The jury found for the plaintiff on 47 causes of action, and from the judgment entered thereon the defendant appeals. As to the other causes of action, the plaintiff does not appeal, and they are now out of the case.

The amount of the individual claims ranged from $1.50 upwards, and in all causes of action, where the amount claimed was less than $12, the jury found for the defendant.

Each of the claims was based on what is known as a "clear record" shipment. The cars at loading point were inspected and coopered by the plaintiff's employees, and likewise inspected by them after unloading at plaintiff's elevators in Fremont. No seals were found broken and no defects were discovered in the cars where leakage could have taken place.

The plaintiff relied upon the discrepancy in weights, as shown by the plaintiff's scales before and after shipment.

Testimony was introduced by the plaintiff, however, to show the capacity for the shrinkage of grain due to loss of moisture content. Some of this testimony was to the effect that there is unquestionably a shrinkage of weight in grain, due to handling and exposure during transit, varying with the moisture content of the grain and the atmospheric conditions to which it is exposed; that, in the

case of corn which has become hot, natural shrinkage is very rapid and may, within a few days, amount to several per cent. of the total weight of the corn; that when a car of corn of high moisture content gets hot it may lose as much as 300 pounds a day; that the percentage of moisture in corn varies from 20 per cent. up to 40 per cent., and in wheat, and other like small grain, from 7 per cent. to 17 per cent.; that wheat containing 15 per cent. of moisture might have a loss of as much as 1 per cent. in a single handling. The defendant, on the other hand, followed this testimony with other evidence along the same line.

Before going further, it is necessary to mention that it was defendant's contention that by its evidence it had shown that plaintiff's weights and book records were not reliable, and a number of mistakes and errors were pointed out. In 12 of the causes of action sued upon, plaintiff's record showed considerable overweight of grain after shipment. In fact, through plaintiff's error, it was shown, the total overweights in those 12 causes of action amounted to 95,000 pounds more than the underweights on the other causes of action. On two causes of action, where overweights were shown, the jury found in favor of the plaintiff, and plaintiff remitted as to those two items. Defendant also introduced some evidence attempting to show that plaintiff's scales were not entirely accurate, and that plaintiff had refused to allow the defendant to test or inspect its scales or have access to its weighing records.

In the light of this evidence, the court placed the burden of proof upon the defendant to fix the amount of shrinkage of grain in the individual shipments and, therefore, to prove the extent of the actual loss of grain from the car, and also the burden of proof to show what discrepancies in weights, if any, were due to the errors of the plaintiff. Clearly, the burden of proof as to reliability of plaintiff's weights and as to the extent of the actual loss of grain from the car should have been borne by the plaintiff. The instruction complained of is as

follows:

"The court instructs the jury that, if the jury believe from a preponderance of the evidence that plaintiff has shown losses in said shipments in excess of ordinary losses incident to railroad transportation, then, plaintiff is entitled to a verdict at your hands, *unless the defendant, assuming the burden, has shown by a preponderance of the evidence that it shipped and delivered all the grain it received,* except ordinary losses incident to shipment, or that plaintiff's said losses, if any, were due to causes beyond defendant's control. *The burden is upon defendant to prove by a preponderance of the evidence what said losses, if any in excess of ordinary losses incident to shipment, really were.* If defendant has shown excessive shrinkage, due to the inherent condition of the grain, discrepancy in weights due to inaccuracies of plaintiff's scales, weighmasters, or errors in bookkeeping, or failure of plaintiff to properly load, unload, and properly conserve said grain, or any other cause beyond defendant's control, then as to such loss or losses so occasioned your verdict should be for the defendant.".

On all causes of action, upon which the jury found in favor of the plaintiff, the full amount of the claim was allowed and no deduction made for shrinkage. The defendant claims prejudice by reason of the court's instruction.

It is the settled rule that, where a shipper shows a loss of the goods shipped, a *prima facie* case is made against the railroad company, by reason of·the presumption that the loss resulted from some cause other than one which would exempt the company from liability (*Nye-Schneider-Fowler Co. v .Chicago & N. W. R. Co.,* 105 Neb. 151), but before' that presumption attaches the burden is on the shipper to show that a loss has occurred.

If the grain has merely decreased in weight during shipment, and none has been lost from the car, the railroad company is not liable, and where from the evidence it appears that grain will shrink, in varying amounts, in

weight during shipment and in handling, owing to the loss of moisture content in the grain, it at once appears that the mere discrepancy in weights before and after shipment cannot alone be relied on to prove the actual and exact loss of grain from the car. In order, then, to ascertain the extent of actual loss of grain from the car, either the shipper or the railroad company must by evidence eliminate the shrinkage. This burden of proving the shrinkage, or of making reasonable allowance for such shrinkage, is upon the shipper, for the shipper must prove by a preponderance of the evidence that grain has been lost from the car and the actual extent of such loss.

It is true that, even in case of clear record shipments, a discrepancy in weights before and after shipment, when the accuracy of the weighing is not discredited, and when the discrepancies of weights are unexplained or cannot be accounted for by shrinkage, may sufficiently raise an issue of fact for the jury as to whether a loss of grain has occurred. Oil Trough Gin Co. v. Director General of Railroads, 141 Ark. 133; Baker v. Dittlinger Roller Mills Co., 203 S .W. (Tex. Civ. App.) 798; Morris v. Minneapolis, St. P. & S. S. M. R. Co., 25 N. Dak. 136; Schott v. Swan, 21 S. Dak. 639; Miller v. Northern P. R. Co., 18 N. Dak. 19; Lewis Poultry Co. v. New York C. R. Co., 117 Me. 482.

It is not necessary that the weighing process be mathematically exact. In weighing carloads of grain, it is known, and was shown in this case, that some allowance is necessary for what is known as the "human equation." Different persons weighing the same carload of grain will get slightly varying results. Such unavoidable errors do not discredit the weighing process, nor render incompetent the proof of weights so ascertained. It is only necessary that plaintiff prove his case to the satisfaction of the jury by competent evidence, but he is not required to prove to a mathematical certainty the amount of the grain lost. 4 R. C. L. 914, sec. 369.

When, however, evidence is introduced, intended to im-

peach the weighing process or the book record of the
weights made, or tending to show that the discrepancy, or
a part of such discrepancy, in weights can be accounted
for by grain shrinkage, the burden remains upon the
plaintiff to overcome that testimony and, by a preponder-
ance of the evidence, maintain its case. Whenever it
appears that the difference in weights alone is insufficient
to prove the extent of loss of grain from the car, plaintiff
must introduce such other proof as will show what the
excess of loss of weight would be over shrinkage, in his
particular case. Though the plaintiff may, at any stage
in the proceedings, have made a *prima facie* case of loss,
the mere fact that further evidence is introduced, either
by plaintiff or defendant, tending to rebut that case, does
not shift the burden of proof to the defendant and compel
the defendant to prove, by a preponderance of the evi-
dence, what the extent of the plaintiff's loss was. The
proof of that fact must always rest with the plaintiff.

Furthermore, we can see no good reason why the proof
of the shrinkage in weight of grain should be made by the
carrier. Such shrinkage depends upon the condition of
the grain, which is better known and more easily ascer-
tainable by the shipper than by the carrier. The shipper,
and not the railroad company, in this case, weighed all
the grain and made the tests as to the discrepancy in
weight. The matter of difference in weights is here
peculiarly within the knowledge of the shipper. When
shrinkage of grain may account for a loss of weight, we
cannot see why the shipper, when making his tests of
weight, in order to make his case should not also be re-
quired to make his tests so complete as to be able to elim-
inate loss of weight from shrinkage, if any, from his
totals. That loss is not exclusively within the knowl-
edge of the railroad company as is the loss of grain by
leakage from the car, or damage done to goods while in
the custody of the railroad company during shipment.

In the case of *Cardwell v. Union P. R. Co.*, 90 Kan. 707,
it was held that the courts will take judicial notice of the

natural shrinkage of grain in transit and that no proof is required of that fact.

In the case here, positive evidence was introduced that shrinkage would take place in varying amounts, and when that was shown the burden was upon the plaintiff to show the extent of that shrinkage, or make due allowance for it in its claims, in order to prove what the extent of its actual loss of grain was.

We are aware of the decisions in *National Elevator Co. v. Great N. R. Co.*, 137 Minn. 217, and *Shellabarger Elevator Co. v. Illinois C. R. Co.*, 212 Ill. App. 1. In the *National Elevator* case, *supra,* a bill of lading, showing the number of pounds of wheat received by the carrier, was issued, and the wheat was weighed at destination by the state weighmaster. No evidence on the question of shrinkage was introduced, and the only question was as to the accuracy of weights. The statutes in that state, governing bills of lading and certificates of weights by a state weighmaster, differentiate that case from the one before us. The *Shellabarger* case, *supra,* was based largely upon a rule in that state that, in order to recover for loss of goods in shipment, the shipper is required to introduce only "slight evidence" that a loss has occurred, and the burden is then shifted to the common carrier to prove delivery. The rule in this state is that the shipper must, by a preponderance of the evidence, prove the loss.

Upon the question of the burden of proof, the court gave the further instruction:

"The burden of proof is upon any one in litigation to establish, by a preponderance of the evidence, in maintaining his cause of action or defense, such several allegations as he asserts, that are material to such one's success in the action, unless such allegations are admitted by the opposing side. Any one under such burden not supporting such contentions, by a preponderance of the evidence, has them concluded against him. When the evidence is evenly balanced, or preponderates in favor of the other party, or any point, then such one under such burden as

to such point cannot prevail."

The giving of this instruction was misleading and was erroneous. *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151.

In the former instruction, complained of, the court also directed that the defendant would not be liable for "ordinary losses incident to transportation." What was meant by ordinary losses is not explained. The statement is inaccurate, unless intended to be confined to shrinkage or damage due to the inherent nature of the matter shipped, for the railroad is, except when especially exempted, liable for all ordinary losses incident to shipment.

For the reasons given, the judgment of the lower court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.