Erickson Bros. & Lucka, Inc., Appellee, v. Great Lakes Construction Company, Appellant.

Gen. No. 36,667.

Opinion filed November 6, 1933. Rehearing denied November 20, 1933.

SIMS, STRANSKY, BREWER & POUST, for appellant; WALTER BREWER and OTTO W. BERG, of counsel.

NELSON & QUINDRY, for appellee; S. E. QUINDRY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant to recover an amount claimed to be due for services performed for defendant in the construction

of the 124th Field Artillery Armory at 53rd street and Cottage Grove avenue, Chicago. The case was tried before the court without a jury, and there was a finding and judgment in plaintiff's favor for $5,172.70. Defendant appeals.

The declaration was in four counts. The first claimed there was $1,260 due for tuck pointing done by plaintiff in connection with the armory; the second averred there was $4,800 due for additional work by plaintiff in moving stone which was not delivered near plaintiff's derricks. In the third count plaintiff claimed there was $3,000 due it for laying 3,000 feet of stone not covered by the contract; the fourth was the consolidated common counts.

In this court plaintiff abandons counts one and three, leaving the question as to whether plaintiff is entitled to the $4,800 claimed under count two and the amount claimed under the consolidated common counts.

The record discloses that the defendant construction company had a contract with the State of Illinois to construct the 124th Field Artillery Armory in Chicago, and on March 4, 1929, entered into a written contract with plaintiff whereby plaintiff was to install the cut stone in the armory. The contract provided that plaintiff was to be paid $15,200 for the work, which was to be done under the supervision of the State Architect, with the usual provisions contained in such contracts. The contract also contained the following provisions: "Parties of the second part agrees to supply ample room for stone. Stone to be delivered within reach of boom derricks in the proper section and side of building for which it is cut."

While there is some slight conflict between the parties as to the facts in the case, yet we are of the opinion that there was sufficient evidence to warrant the trial judge in finding that about May 1, 1929, shortly after plaintiff began to set the stone, it complained to

defendant that the stone which was being delivered by the Indiana Limestone Company, a subcontractor of defendant, was placed too far away from the boom derricks, that this entailed additional work and expense on plaintiff's part in moving the stone so that it could be reached by the derricks, and that plaintiff would expect to be paid for this work in addition to the price mentioned in the contract; that to do this extra work plaintiff was required to, and did, employ a number of men, keeping a detailed daily account of the work performed by these men and the wages paid to them, which aggregated $4,742.35; that all the work performed by these men, for which plaintiff paid them, was occasioned by the fact that the stone was not delivered near enough to the boom derricks; that plaintiff performed all the work required of it by the terms of the contract and was paid the consideration named in the contract except $265.33, which defendant retained, claiming it had been put to an expense of some $300 in paying demurrage charges, for which plaintiff was liable. On the trial of the case, however, defendant withdrew its claim for demurrage and admitted it still owed plaintiff the $265.33. There are some other small items aggregating $138.60 which plaintiff claims and about which there seems to be little or no controversy. Counsel for plaintiff say that the trial judge allowed interest on the amounts he found due and entered judgment for principal and interest.

Little is said in the briefs filed in this court by counsel for either party as to the merits of the controversy, but most of what is said is devoted to technical questions of pleading, and puzzling refinements are indulged in as to whether count two of the declaration is based upon the breach of the written contract between the parties. We hope that such argument will become obsolete after January 1st next, when the new Practice Act goes into effect. See sec. 31 *et seq.*, ch. 110,

Cahill's 1933 Statutes. But we must decide the case on the law as it now stands.

The argument of counsel for defendant, as we understand it, is that the second count of the declaration claims damages for a breach of the contract by defendant, and "that plaintiff cannot recover on the theory of an implied contract as set forth in the second count." On the other hand, counsel for plaintiff say that while the second count includes the written contract, "it is not a suit to recover on the contract, nor a suit to recover for a breach of the contract. It is a suit to recover for additional expense and work performed by plaintiff, for defendant's benefit, which was caused by the failure of defendant to observe certain provisions of the contract, whereby there arose the implied promise on the part of" defendant to pay plaintiff "for this additional expense and work."

We think the contention of counsel for defendant that the suit is to recover damages for the breach of the contract must be sustained. It is averred in the second count that the contract provided that the stone was to be delivered "within reach of boom derricks in the proper section and side of building for which it is cut"; that defendant failed and neglected to so deliver the stone, but on the contrary it was delivered at a remote place from 50 to 250 feet from the reach of the boom derricks, so that plaintiff was required to do additional work in moving the stone to where it could be reached by the boom derricks, "and by reason of the aforesaid breach of said contract by the defendant" plaintiff was required to lay out and expend for the use and benefit of the defendant $4,800 in setting the stone.

It has long been the established law of this State that an action of assumpsit will lie where a party claims damages for the breach of a simple contract; that the law always implies a promise to do that which

a party is liable to perform, and that such promise may be implied as well as expressed. Puterbaugh Common Law Pleading and Practice, 10th ed., sec. 134, p. 146; *Eldred v. Colvin,* 206 Ill. App. 2. In that case we said (p. 10): "It is conceded, as of course it must be, that an action of assumpsit will lie to recover damages for the breach of a contract. And this form of action may be maintained whether the contract is express or implied. 1 Chitty's Pleading (7th London Ed.) *99. The right to maintain such an action has been upheld in the cases of *O'Reer v. Strong,* 13 Ill. 688; *Cushman v. Hayes,* 46 Ill. 145; *Leonard v. Dunton,* 51 Ill. 482; *Reebie v. Brackett,* 109 Ill. App. 631." We think the count is sufficient to sustain plaintiff's claim for the amount of money it was required to pay to move the stone near the boom derricks.

Defendant further contends that the judgment must be reversed because plaintiff, before it could recover any amount, "must first of all show that it has complied with each and every condition of the written contract," and that the evidence fails to show that plaintiff complied with the specifications referred to in the contract because the specifications were not in evidence. And that plaintiff failed to prove it had complied with other requirements of the contract, which proof was necessary to entitle it to recover. Such a defense might be sound if interposed in a proper case; but in the case before us the evidence shows that plaintiff performed the work in setting the stone required of it by the contract, and that defendant paid for this work except the small item of $265.33 which, on the hearing, defendant admitted was due. In this state of the record it is obvious that plaintiff was not required to go into detail to prove what the specifications were and that it had complied with them. It would be a strange rule that would require the plaintiff to take up the time of the court to prove that it had

complied with all the provisions of the contract when the evidence shows the work had been done and paid for except a small item admitted to be due. There is no merit in this contention.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.